**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
```

MURIEL CAMPBELL and STEVE )
CAMPBELL, )
 )
       Plaintiffs, )
 ) Civil No. 2006-67
   v. )
 )
BLUEBEARD'S CASTLE INC. d/b/a )
SPM RESORT MANAGEMENT, )
FAIRFIELD RESORT MANAGEMENT, )
RCI d/b/a RCI TRAVEL CLUB )
INC., RCI TRAVEL INC., RESORT )
CONDOMINIUMS INTERNATIONAL, )
INC., and EQUIVEST ST. THOMAS,)
INC., )
 )
       Defendants. )
_____)

ATTORNEYS:

**Wilfredo A. Geigel, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiffs.*

**Andrew C. Simpson, Esq.**
**Rachelle M. Shocklee, Esq.**
St. Croix, U.S.V.I.
    *For defendants Bluebeard's Castle Inc. d/b/a SPM Resort*
    *Management, Fairfield Resort Management and Equivest*
    *St. Thomas, Inc.*

**Marie ThomasGriffith, Esq.**
St. Thomas, U.S.V.I.
    *For defendants RCI d/b/a RCI Travel Club, Inc., RCI*
    *Travel Inc., and Resort Condominiums International,*
    *Inc.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

    Before the Court is the motion of defendant Bluebeard's Castle Inc. d/b/a SPM Resort Management, Fairfield Resort

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 2

Management ("BCI") for summary judgment against the plaintiffs, Muriel Campbell and Steve Campbell (the "Campbells").

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Campbells, a married couple, initiated this action in May, 2005, in the St. Croix division of this Court against BCI, and defendant RCI d/b/a RCI Travel Club Inc., RCI Travel, Inc., and Resort Condominiums International, Inc. ("RCI"). In their original three-count complaint, the Campbells allege in Count One that while staying at BCI's resort in St. Thomas, U.S. Virgin Islands, Mrs. Campbell slipped and fell in the shower due to BCI's negligence, and consequently suffered injuries. In Count Two, the Campbells allege that RCI organized their trip to BCI's resort, and negligently represented that those premises would be handicap-friendly. Finally, in Count Three the Campbells allege that Mr. Campbell suffered, *inter alia*, loss of consortium because of Mrs. Campbell's injuries.

The Campbell's subsequently filed a first amended complaint, adding Equivest St. Thomas, Inc. ("Equivest") as a defendant.[1] The first amended complaint also added a count against Equivest. That count asserts claims against Equivest that are essentially identical to those asserted against BCI. The record reflects that the Campbells later sought leave to file a second amended

---

[1] The first amended complaint alleges that Equivest is a foreign corporation doing business in the Virgin Islands.

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 3

complaint, in which they sought to add Cendant Corporation ("Cendant") as a defendant. The record does not reflect, however, that the Court granted the Campbells leave pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to file a second amended complaint.

While discovery was ongoing, BCI moved to have this matter transferred to the St. Thomas/St. John Division of this Court. Noting that this matter has no connection to St. Croix and that Mrs. Campbell's alleged accident occurred in St. Thomas, the Court granted BCI's motion and transferred this matter to the St. Thomas/St. John Division. The parties thereafter engaged in further discovery. During that time, the Campbells filed notices in which they indicated that they wished to voluntarily dismiss SPM Resort Management, RCI and Cendant from this matter.[2]

In July, 2007, Equivest filed a notice, asserting that it had filed a petition for bankruptcy under Title 11 of the Bankruptcy Code. Equivest further asserted that the above-captioned proceedings were thus automatically stayed as against it.

The magistrate judge subsequently held a status conference with the parties. Following that status conference, the

---

[2] As noted above, the record does not show that the Court granted the Campbells leave to file their second amended complaint. Consequently, Cendant has never been a party in this matter.

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 4

magistrate judge noted in a minute order that BCI, RCI and Cendant were dismissed from this matter, apparently pursuant to the Campbells' notices of voluntary dismissal. The magistrate judge's order does not explicitly indicate the grounds for that dismissal.[3] The magistrate judge further noted that counsel for Equivest would take action to lift the automatic stay and notify the Court once the stay was lifted.

In April, 2008, Equivest filed a notice in which it stated that the Bankruptcy Division had granted Equivest's motion for limited relief from the automatic stay.

BCI now moves for summary judgment against the Campbells pursuant to Rule 56 of the Federal Rules of Civil Procedure. No other party has filed a pleading in response to the motion.[4]

---

[3] Federal Rule of Civil Procedure 41(a)(1) authorizes a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment [or] a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1). In this matter, the Campbells filed their notices of voluntary dismissal after BCI had filed its answer. RCI never filed an answer. Cendant was never properly a party in this matter.

It appears that the magistrate judge's order of dismissal was entered pursuant to Rule 41(a)(2), which authorizes the Court to dismiss an action at the plaintiff's request in all instances not enumerated in Rule 41(a)(1). Significantly, however, 28 U.S.C. § 636 does not authorize a magistrate judge to rule on a Rule 41(a)(2) motion. Consequently, the magistrate judge's order dismissing BCI is without effect.

[4] Local Rule of Civil Procedure 56.1(d) provides:

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 5

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not

---

Failure to respond to a movant's statement of material facts, or a respondent's statement of additional facts, as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.

LRCi 56.1(d) (2008).

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 6

himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

As the basis for its motion, BCI asserts that it was merged into Equivest on February 12, 2002. BCI further argues that Mrs. Campbell suffered her alleged injuries in May, 2003. According to BCI, a corporate entity that is merged into another corporate entity ceases to have a corporate existence and thereafter cannot sue or be sued. BCI claims that because Mrs. Cambpell suffered her injuries after BCI was merged into Equivest and purportedly ceased to have a corporate existence, Mrs. Campbell cannot maintain a lawsuit against BCI.

In support of its motion, BCI has submitted several items of competent evidence. One such item of evidence is the affidavit of Timothy D. McMichael ("McMichael"), senior counsel to Wyndham Vacation Ownership, Inc. In that affidavit, McMichael affirms that Wyndham Vacation Ownership, Inc. is the parent company of Wyndham Vacation Resorts, Inc., which in turn is the parent company of Equivest Finance, Inc. According to McMichael, Equivest Finance, Inc. is the parent company of defendant

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 7

Equivest, into which BCI was merged on February 12, 2002. Based largely on McMichael's affidavit, BCI contends that once BCI ceased to exist as a result of its merger with Equivest, it no longer had the capacity to be sued.

Rule 17(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that a corporation's "capacity to sue or be sued is determined . . . by the law under which it was organized." FED. R. CIV. P. 17(b)(2); *see also Borror v. Sharon Steel Co.*, 327 F.2d 165, 171 (3d Cir. 1964); *Quincy Corp. v. T & D, Inc.*, 960 F. Supp. 79, 81 (D.V.I. 1997). Because BCI is a Virgin Islands corporation, the Court looks to Virgin Islands law to determine its capacity to be sued.

Title 13, Section 253 of the Virgin Islands Code ("Section 253") addresses the "[s]tatus, rights, liabilities, etc., of constituent and surviving corporations." *See* V.I. CODE ANN. tit. 13, § 253 (Lexis 2008). That section provides, in pertinent part:

> When an agreement of consolidation or merger shall have been signed, . . . the separate existence of . . . all . . . constituent corporations except the one in which the other or others of such constituent corporations have been merged, . . . shall cease . . . ."

*Id.*

No Virgin Islands decision explains whether Section 253 operates to prevent a merged corporation from being sued after

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 8

the completion of the merger.[5] That provision, however, appears to be modeled on Title 8, Section 259 of the General Corporation Law of Delaware ("Section 259"),[6] which provides that, following a merger:

> all property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of the surviving or resulting corporation as they were of the several and respective constituent corporations and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said surviving or resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it.

DEL. CODE ANN. tit. 8, § 259 (Lexis 2008). Accordingly, the Court will consider the interpretation of Section 259. *See*, *e.g.*, *Serrant v. Virgin Islands Empl. Sec. Agency*, 57 F.3d 334, 337 (3d Cir. 1995) (considering the laws of other jurisdictions to define a term that was not defined in any Virgin Islands laws); *Donohue v. Lynch*, Civ. App. No. 1997-146, 1998 U.S. Dist. LEXIS 16228, at *7 (D.V.I. App. Div. Oct. 9, 1998) ("Because there are few published Virgin Islands decisions construing this statutory language, it may be necessary at times to look to other

---

[5] Indeed, Section 253 does not appear to be cited in any Virgin Islands decision in any context.

[6] This Court has noted that other provision of Virgin Islands corporate law are modeled on the General Corporation Law of Delaware. *See*, *e.g.*, *In re Tutu Wells Contamination Litig.*, 994 F. Supp. 638, 645 (D.V.I. 1998) (explaining that V.I. CODE ANN. tit. 13, § 285 is modeled on DEL. CODE ANN. tit. 8, § 325(b)).

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 9

jurisdictions in this analysis.").

Delaware courts have explained that Section 259 further establishes that "the separate corporate existence of all corporations except the surviving corporation ceases upon merger." *National Union Fire Ins. Co. v. Stauffer Chemical Co.*, Civ. No. 87C-11, 1991 Del. Super. LEXIS 269, at *7 (Del. Super. Ct. July 15, 1991) (citing *Argenbright v. Phoenix Finance Co.*, 187 A. 124, 126 (Del. Ch. 1936) ("When a consolidation or merger has taken place under the statute, the old corporations have their identity absorbed into that of the new corporation or the one into which they were merged.")).

As the *National Union Fire* Court noted, courts in other jurisdictions have concurred in that court's interpretation of Delaware law. *See, e.g., Beam v. Monsanto Co., Inc.*, 414 F. Supp. 570, 579 (W.D. Ark. 1976) ("By virtue of a merger, the merged corporation loses its capacity to sue to the corporation into which it has been merged.") (quoting *Basch v. Talley Indus., Inc.*, 53 F.R.D. 9, 11 (S.D.N.Y. 1971)); *Sevits v. McKiernan-Terry*, 264 F. Supp. 810, 811 (S.D.N.Y. 1966) (holding that under Delaware law, the emerging corporation after a merger is the only corporation with capacity to be sued); *see also Allegany Envtl. Action v. Westinghouse Elec. Corp.*, Civ. No. No. 96-2178, 1998 U.S. Dist. LEXIS 1883, at *5 (W.D. Pa. Jan. 14, 1998) ("[U]nder Delaware law it is settled that the separate

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 10

corporate existence of a constituent corporation ceases upon merger and the emerging corporation is the only corporation with capacity to be sued and process cannot be served on the constituent corporation.") (citation omitted).[7]  The Court finds persuasive these courts' interpretation of Delaware's practically identical Section 259.

Here, there are no material facts in dispute for the purpose of this motion.  It is undisputed that BCI merged with Equivest in February, 2002.  It is also undisputed -- and indisputable -- that the Campbells commenced this matter in May, 2005.  Thus, applying the principles outlined above, the Court finds that BCI has met its burden of showing by way of competent evidence that its corporate existence terminated upon its merger with Equivest in February, 2002.  The Court further finds that the termination of BCI's corporate existence occurred before the commencement of

---

[7]  In *Smallwood v. Pearl Brewing Co.*, 489 F.2d 579 (5th Cir. 1974), *cert. denied*, 419 U.S. 873 (1974), the Fifth Circuit Court of Appeals, in dicta, declined to hold that a Texas provision that was "not radically different from" Delaware's Section 259 operated in the same way as Section 259. 489 F.2d at 591 n.12. The court reasoned that although the Texas and Delaware statutes were similar, "[t]his fact does not . . . make us any more eager to decide the question, which we feel should be left to the Texas courts." *Id.*

While the Fifth Circuit's reluctance to pronounce on an unbroached question of state law is understandable, this Court is less reluctant.  As noted above, this Court has previously found that Virgin Islands corporate statutes are modeled on Delaware law, and thus an interpretation of those statutes by Delaware courts is particularly instructive.

*Campbell, et al. v. Bluebeard's Castle, et al.*
Civil No. 2006-67
Memorandum Opinion
Page 11

this matter in May, 2005. Consequently, the Court finds that BCI has met its burden of establishing that it could not have been named as a defendant in this matter, per Section 253.

### IV. CONCLUSION

Because there are no material facts in dispute and BCI is entitled to judgment as a matter of law, the Court will grant BCI's motion for summary judgment and dismiss it from this matter. An appropriate judgment follows.

                                        S_____
                                         **CURTIS V. GÓMEZ**
                                           **Chief Judge**


copy:   Wilfredo A. Geigel, Esq.
        Andrew C. Simpson, Esq.
        Rachelle M. Shocklee, Esq.
        Marie ThomasGriffith, Esq.